Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorneys for Plaintiff Jeffrey Perry

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Perry,<br><br>        Plaintiff,<br>v.<br><br>Costco Wholesale Corporation,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Jeffrey Perry ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Costco Wholesale Corporation ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability, denying Plaintiff equal access to the services and goods they provided at the Costco Warehouse located at 6750 Stanford Ranch Road in Roseville, California.

## PARTIES

1. Plaintiff is a natural person and an adult resident of Sacramento, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

2. Defendant Costco Wholesale Corporation ("Defendant") is a Washington corporation with its principal place of business in Issaquah, Washington.

3. At all times relevant to this complaint, Defendant owned and operated the Costco

Warehouse located at 6750 Stanford Ranch Road in Roseville, California ("Costco Warehouse").

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

5. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Costco Warehouse is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff suffers from a disability, and/or medical conditions that is a disability. Plaintiff suffers from a back injury. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities, including making it difficult for Plaintiff to maneuver himself and to walk long-distances. Plaintiff has a disabled placard and relies on accessible parking spaces to go about his daily activities.

8. At all times relevant to this Complaint, Plaintiff is and has been an active, paying member of Defendant's warehouse club.

9. While Defendant purports to provide accessible parking spaces to disabled patrons, security officers, informed and believed to be Defendant's agents acting within the course and scope of their agency and/or employment, consistently park their vehicles within the access aisles immediately adjacent to the van accessible ADA parking spaces, thereby denying access to those van accessible ADA parking spaces to Plaintiff and other disabled individuals.

10. Notwithstanding the fact that the access aisle is specifically designated as a "no parking" area, Defendant's security officers consistently loiter, without any apparent justification or purpose, in the disabled parking space access aisles in their vehicles.

11. On at least two occasions, in December of 2021, Plaintiff visited the Costco Warehouse to purchase household goods and groceries. During each visit, Defendant's security officer was parked

in the accessible aisle of the van accessible disabled parking. And on one other occasion in December of 2021, Plaintiff went to get gas at the Costco Warehouse and observed the security officer, again, parked in the accessible aisle of the disabled parking.

12. Because Defendant allows the security officers to block the van accessible parking spaces' access aisle, Plaintiff was denied equal access to the Costco Warehouse. Plaintiff was unable to park his vehicle in the disabled parking spots on visits to the Costco Warehouse. In addition, Plaintiff had difficulty accessing his car after shopping at the Costco Warehouse because Defendant's security officer had parked in the access aisle while his car was parked in the disabled parking spot, and he was shopping inside.

13. Plaintiff is hesitant and apprehensive to return to the Costco Warehouse because of the possibility that he will be unable to use the disabled parking that Defendant is required to provide. Plaintiff's apprehension and hesitancy to visit a business that non-disabled persons can visit with ease will be alleviated when Defendant implements proper policies and training of their staff and agents to accommodate his disability.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

14. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

15. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

16. The Costco Warehouse is a public accommodation.

17. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

18. Defendant has a policy that restricts and denies access to patrons who require the use of disabled parking spaces to accommodate their disability.

19. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to their public accommodation and thereby denied Plaintiff his right to use the services and buy the goods of the Costco Warehouse that are offered to the general public.

20. As a result of Defendant's conduct denying Plaintiff equal access to the Costco Warehouse, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should he attempt to return to the Costco Warehouse.

21. It is readily achievable for Defendant and Defendant's agents to not park in the "No Parking" access aisle of the disabled parking spots.

22. Defendant does not have any legitimate business justification to excuse their denial of Plaintiff's equal access.

23. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Costco Warehouse, in light of Defendant's conduct.

24. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

//

//

//

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

25. Plaintiff incorporates all prior paragraphs as if fully stated herein.

26. The Costco Warehouse is a public accommodation, as defined by the California Disabled Persons Act, that Defendant owns and operates.

27. Defendant denied and interfered with Plaintiff's ability to access the Costco Warehouse and the goods and services the Costco Warehouse provides.

28. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities.

29. Plaintiff wishes to return to patronize the Costco Warehouse but is substantially deterred from regularly returning to use these facilities and services, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.

30. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

31. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing conduct by Defendant that denies full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.

32. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning and operating the Costco Warehouse, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 an 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities and services on a full and equal basis as other persons.

33. Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the public facilities were, are, and will be physically disabled persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, Defendant installed and maintained the policy barriers complained of, have failed to remove these unlawful policies, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law. Plaintiff believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Costco Warehouse and encounter illegal policy barriers which deny them full and equal access when they do so.

34. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the Costco Warehouse violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

35. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against physically disabled persons, prior to the filing of this complaint. Defendant's establishment of their discriminatory policy denying services and goods to disabled persons who require the use of the access aisle, to safely have full and equal access to the Costco Warehouse, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and safety.

36. As a result of Defendant's conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

37. Plaintiff suffered damages as described as a result of Defendant's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Costco Warehouse.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

38. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

39. As described above, Defendant discriminated against Plaintiff, denying him full and equal access to the Costco Warehouse.

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

41. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§

51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever.

42. Plaintiff's disability was a substantial motivating reason for Defendant's discrimination.

43. Plaintiff was harmed.

44. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

47. Although the plaintiff encountered frustration and difficulty by facing discrimination, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, including actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: January 10, 2022                             Law Office of Rick Morin, PC

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff