UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Perry, | No. 2:22-cv-00063-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Costco Wholesale Corporation, | |
| Defendants. | |

Plaintiff Jeffrey Perry brings this Americans with Disabilities Act (ADA) action against defendant Costco Wholesale Corporation. Defendant moves for summary judgment. For the reasons below, the court **strikes the motion** (ECF No. 15) for failure to meet and confer and hereby **vacates** the hearing previously set for August 11, 2023.

This court's standing order requires attorneys to meet and confer with one another before they file motions. *See* Standing Order at 3, ECF No. 3-1; *see also* Standing Scheduling Order at 5, ECF No. 11. Attorneys who intend to file motions must "discuss thoroughly the substance of the contemplated motion and any potential resolution." Standing Order at 3. "Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court." *Id.* If a motion is necessary after meeting and conferring, the moving party must include a certification by an attorney "that meet and confer efforts have been exhausted, with a brief

1

summary of meet and confer efforts." *Id.* (emphasis omitted).  With respect to the motion pending in this case, the court is unwilling to excuse non-compliance with its standing order.

The day before filing its motion, defendant's counsel contacted plaintiff's counsel to meet and confer.  Valente Decl. ¶ 5, ECF No. 15-1; Morin Decl. ¶¶ 4–5, ECF No. 16-1.  Plaintiff's counsel was ill and could not meet and confer that day, but suggested an alternative date.  Valente Decl. ¶ 6.  Defendant provided plaintiff with further details on its motion and "tentatively agreed to speak with counsel on July 12 or when he's feeling better to discuss the motion and, if [they] are able to reach a resolution on the motion, in whole or in part, on how to bring that to the Court's attention." *Id.* ¶ 7.  Defendant proceeded to file the motion without meeting and conferring with plaintiff.  *See generally id.*

Here, the court finds defendant did not exhaust pre-filing meet and confer as required.  *See id.*; *see also* Opp'n at 3, ECF No. 16.  "Meeting and conferring saves time and money for all involved—if done correctly.  Productive discussions spare both the moving and opposing party the time they would otherwise have devoted to writing unnecessary or ineffective arguments." *Mollica v. County of Sacramento*, No. 19-02017, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).  The court finds exhausting meeting and conferring may help narrow disputes here.  For example, plaintiff's opposition notes "[h]ad Defendant appropriately met and conferred, it may have obviated Defendant's perceived need for the motion . . . ." Opp'n at 3.

Because defendant's counsel has not thoroughly discussed with opposing counsel "the substance of the contemplated motion and any potential resolution," Standing Order at 3, and because the court finds meeting and conferring will be beneficial in this case, the court **strikes** the motion for summary judgement for failure to comply with the court's standing order.  *See, e.g.*, *Mollica*, 2022 WL 15053335, at *2 (striking summary judgment motion for failure to meet and confer); *cf. Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").  The court hereby **vacates** the hearing previously set for August 11, 2023.

**By August 11, 2023 at 5 p.m.**, the parties are directed to meet and confer in person or by videoconference with the goal of narrowing the disputes outlined in the briefs at ECF Nos. 15-2

and 16.  The parties must meaningfully assess the relative strengths and weaknesses of their positions considering all available information.  **By August 25, 2023 at 5 p.m.**, the parties are directed to file a joint status report briefly summarizing their discussion.  If further motion practice is necessary, the parties may propose a new schedule for rebriefing and a hearing on summary judgment.  In the alternative, within **seven (7) days** of the filed date of this order, the parties may request a referral to the court's Voluntary Dispute Resolution Panel or to a settlement conference before a Magistrate Judge of this court.  If the parties so request, they will be automatically relieved of their obligation to meet and confer and file the joint status report required above.

This order resolves ECF No. 15.

IT IS SO ORDERED.

DATED: July 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

3